# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1502V**
**Filed: March 17, 2016**
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DORIS LEVITZKI, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza ("Flu") Vaccine; |
| | * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Danielle A. Strait, Maglio Christopher and Toale, PA (DC), for petitioner.
Debra A. Filteau-Begley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 11, 2015, Doris Levitzki ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered left shoulder pain "causally related to an adverse reaction" after receiving an influenza vaccination on September 17, 2015. Petition at ¶¶ 3-4, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 16, 2016, a ruling on entitlement was issued, finding that petitioner was entitled to compensation. On March 17, 2016, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $100,000.00. Proffer at 1. According to respondent's Proffer, petitioner agrees to the proposed award of compensation. Id.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner **a lump sum payment of $100,000.00 in the form of a check payable to petitioner, Doris Levitzki.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
*****************************************
DORIS LEVITZKI,                      *
                                     *
            Petitioner,              *          No. 15-1502V
                                     *          CHIEF SPECIAL MASTER
v.                                   *          NORA BETH DORSEY
                                     *          ECF
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
            Respondent.              *
*****************************************
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

For purposes of this proffer, the term "vaccine-related" is as described in Respondent's

Rule 4(c) Report, filed on March 15, 2016, conceding entitlement in this case.  Based upon the

evidence of record, respondent proffers that petitioner should be awarded $100,000.00.  This

represents all elements of competition to which petitioner would be entitled under 42 U.S.C.

§ 300aa-15(a) for her vaccine-related injury.[1]  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment described below, and request that the Chief Special Master's

decision and the Court's judgment award the following:

> A lump sum payment of $100,000.00 in the form of a check payable to petitioner,
> Doris Levitzki.  This amounts accounts for all elements of compensation under 42
> U.S.C. § 300aa-15(a) to which petitioner would be entitled.

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 616-4181

Dated: <u>March 17, 2016</u>                    Fax:       (202) 353-2988